IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Ronald Christopher Sanders, )
    Petitioner, )
     )
v. ) 1:13cv892 (AJT/TRJ)
     )
Warden Eric Wilson, )
    Respondent. )

## MEMORANDUM OPINION AND ORDER

Ronald Christopher Sanders, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his sentence. Petitioner has applied to proceed in forma pauperis in this action For the reasons that follow, this petition must be construed as a successive motion to vacate pursuant to 28 U.S.C. § 2255 and dismissed, without prejudice to petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing the sentencing court to consider the petition. Petitioner also has filed a Motion for Clarification to correct a typographical error in the petition, which will be granted.

I.

Petitioner is presently serving a sentence that was imposed on February 11, 2009 following his conviction of a possession of a firearm by a convicted felon in the United States District Court for the District of South Carolina. Pet. at ¶¶ 4, 13. According to information available through the Court's PACER system, petitioner pleaded guilty to the offense. Case No. 4:08cr621-TLW, Dkt. 39. Petitioner's sentence was enhanced above the mandatory minimum penalty of 60 months to 180 months pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act. Pet. at ¶ 13. The United States Court of Appeals for the Fourth Circuit affirmed petitioner's

conviction and sentence. United States v. Sanders, 340 Fed. App'x 878, 2009 WL 2469372 (4th Cir. Aug. 13, 2009).

In July, 2012, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court, arguing that his sentence as an armed career criminal should be vacated pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). By Order dated September 26, 2012, the Honorable Terry L. Wooten, United States District Judge, denied and dismissed the motion, finding that it was both untimely and without merit. Petitioner apparently took no appeal of that decision.

Petitioner filed the instant § 2241 petition on or about July 21, 2013,[1] arguing that he must be resentenced pursuant to Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013).[2]

## II.

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their conviction and sentences through § 2255."). The Antiterrorism and

---

[1] A pleading filed by an incarcerated person is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). See pet. at 8.

[2] Alleyne is the latest in a series of cases following Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which held that under the Fifth and Sixth Amendments, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt. Blakely v. Washington, 542 U.S. 296 (2004) extended the Apprendi rationale to any fact which increases the sentence beyond a legislatively-mandated guideline, even if it is within the statutory maximum for the offense. The following year, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that Apprendi rendered the mandatory nature of the United States Sentencing Guidelines unconstitutional. Alleyne now dictates that any fact that increases the mandatory minimum sentence for an offense is an element which must be submitted to the jury.

Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for § 2255 federal habeas corpus relief by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Now, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he demonstrates that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e).[3] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 . Nonetheless, the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (internal citations omitted). Thus, a federal inmate may proceed under § 2241 to challenge his conviction or sentence "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008).

The Fourth Circuit has announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the **substantive law** changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

---

[3] "This 'inadequate and ineffective' exception is known as 'the savings clause' to [the' limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671 at *3 (E.D. Va. Apr. 12, 2012) (quoting In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

>  (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n. 3.

### III.

In this case, petitioner cannot satisfy the Jones criteria, because he relies on a new procedural rule rather than a change in the substantive law. As a result, his resort to § 2241 is foreclosed. "New substantive rules generally apply retroactively. [Such rules] include[] decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004) (citations omitted). On the other hand, "[n]ew rules of procedure ... generally do not apply retroactively" to cases on collateral review. Id. at 352; see also, United States v. Morris, 429 F.3d 65, 69 (4th Cir. 2005). That is so because new rules of procedure "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. In contrast to a substantive rule which alters "the range of conduct or the class of persons that the law punishes," id. at 353, a procedural rule "merely regulates 'the manner of determining the defendant's culpability.'" United States v. Powell, 691 F.3d 554, 558 (4th Cir. 2012) (quoting Schriro, 542 at 353).

Here, the requirement announced in Alleyne that any fact that increases the mandatory minimum sentence for an offense must be submitted to the jury prescribes the manner in which a

sentence is to be computed, but it does not alter the range of conduct or the class of persons subject to criminal punishment. As such, it is a procedural rather than a substantive change in the law. See generally, Powell, 691 F.3d at 559-60. This conclusion is borne out by myriad decisions from all of the circuit court of appeals which have concluded that United States v. Booker, the immediate predecessor to Alleyne in the progressive extension of the Apprendi doctrine, see n. 2, supra, announced a procedural rule and hence does not apply retroactively to cases on collateral review. United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005). Moreover, the Fourth Circuit has squarely stated in at least one decision that the § 2255 savings clause does not apply to petitioners who challenge only their sentences. Poole, 531 F.3d at 267 n. 7.

Accordingly, because petitioner's claim falls outside the § 2255 savings clause, he may not proceed under § 2241. Instead, the instant application must be construed as a successive motion for relief under § 2255. As such, the motion may not be brought unless certified as provided in 28 U.S.C. § 2244 by a panel of the Fourth Circuit Court of Appeals. Because no such certification has been sought or granted, this petition must be dismissed without prejudice to petitioner's ability to seek such certification from the United States Court of Appeals for the Fourth Circuit. Petitioner is advised that if such certification is granted, venue for his claim would lie in the sentencing court, the United States District Court for the District of South Carolina.[4]

Accordingly, it is hereby

ORDERED that petitioner's Motion for Clarification (Docket # 3) be and is GRANTED; and it is further

---

[4] While an application for § 2241 habeas corpus relief should be filed in the district where the petitioner is confined, a motion to vacate under § 2255 must be filed with the sentencing court. In re Vial, 115 F.3d at 1194.

ORDERED that this petition be and is DISMISSED WITHOUT PREJUDICE to petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing the sentencing court to consider the petition; and it is further

ORDERED that Petitioner's request to proceed in forma pauperis (Docket # 2) be and are DENIED, AS MOOT.

To appeal, petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order and a standard § 2244 form to petitioner and to close this civil case.

Entered this 2nd day of August 2013.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge